# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRYAN O'DELL DAVIS**
    **Plaintiff,**

  v.                                                                         **Case No. 13-C-0704**

**SOCIAL SECURITY ADMINISTRATION**
    **Defendant.**

## ORDER

Pro se plaintiff Bryan Davis filed a complaint naming the Social Security Administration as defendant. He also filed a petition to proceed in forma pauperis. To authorize a litigant to proceed in forma pauperis, the court must determine: (1) whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and (2) whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B). The court may order a party to file a more definite statement where the original pleading is vague or ambiguous. See Fed. R. Civ. P. 12(e); see also Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998).

Plaintiff has filed the required affidavit asserting inability to pay, in which he indicates that he is unemployed with no income or valuable assets aside from a 1999 Chevy Astro.[1] It thus appears that he satisfies the poverty requirements of § 1915. However, on review of the complaint I am unable to determine whether the action is frivolous or states a claim upon which

---

[1] Plaintiff checked "no" on the question of whether he owned a car. However, he then wrote in "1999 Chevy Astro" worth $1000.00.

relief may be granted. The "statement of claim" section of the complaint is blank. In the "relief" section, plaintiff states: "Just want my case reopen." (R. 1 at 6.) The district court has jurisdiction under 42 U.S.C. § 405(g) to review the "final decision of the Commissioner of Social Security made after a hearing" on a claim for disability benefits, but it is unclear whether plaintiff seeks judicial review under this provision. "A refusal to reopen or a decision to apply administrative res judicata is a discretionary one not subject to judicial review." Johnson v. Sullivan, 936 F.2d 974, 976 (7th Cir. 1991).

I will afford plaintiff 14 days to submit an amended complaint clarifying his claim. In the amendment, he should identify the decision he seeks to have reviewed or reopened and briefly state the basis for his claim that the decision was incorrect. If plaintiff fails to submit an amended complaint by **July 10, 2013**, this action may be dismissed.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 26th day of June, 2013.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge