# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**BRYAN O'DELL DAVIS**
       **Plaintiff,**

   v.                                                     Case No. 13-C-0704

**SOCIAL SECURITY ADMINISTRATION**
       **Defendant.**

---

## ORDER

Pro se plaintiff Bryan Davis filed a complaint against the Social Security Administration, asking that his case be "reopened." He also filed a petition to proceed in forma pauperis. On review of the petition, I concluded that plaintiff satisfied the poverty requirements of 28 U.S.C. § 1915, but on review of the complaint I could not determine whether plaintiff stated a claim upon which relief could be granted. While the district court has jurisdiction under 42 U.S.C. § 405(g) to review the "final decision of the Commissioner of Social Security made after a hearing" on a claim for disability benefits, a "refusal to reopen or a decision to apply administrative res judicata is a discretionary one not subject to judicial review." Johnson v. Sullivan, 936 F.2d 974, 976 (7th Cir. 1991). I afforded plaintiff 14 days to submit an amended complaint clarifying his claim, instructing him to identify the decision he seeks to have reviewed or reopened and briefly state the basis for his claim that the decision was incorrect.

On July 8, 2013, plaintiff filed a letter indicating that he is unable to work due to his condition, that he has been waiting six years for disability benefits, and that social security is overlooking his doctor's statement. "That's why I need my case reopen." (R. 6.)

It remains unclear whether plaintiff seeks review of a "final decision" within the meaning

of § 405(g).  However, I will not at this point dismiss the action for lack of jurisdiction or failure to state a claim.  Rather, I will grant the petition to proceed in forma pauperis and permit the Commissioner to file a motion to dismiss, if appropriate, in lieu of a proposed Notice of Filing and Preservation of Rights.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (R. 2) is **GRANTED**.  The file will be returned to the Clerk of Courts for service on the Commissioner of Social Security.  Plaintiff is advised to provide defendant or her counsel with copies of all future motions or papers filed by plaintiff in this action.

**IT IS FURTHER ORDERED** that on or before **August 9, 2013**, the Commissioner shall file any motion to dismiss.  If the Commissioner moves to dismiss, plaintiff shall file a response within 21 days of service of the motion, and the Commissioner may file a reply within 14 days of service of the response.

If the Commissioner does not move to dismiss, the following schedule shall apply:

On or before **September 9, 2013**, the Commissioner shall serve on plaintiff (but not file with the Clerk of Court) a copy of its proposed Notice of Filing and Preservation of Rights and a copy of the transcript of the administrative proceedings.  This step will afford the parties an opportunity to consider and pursue resolution of plaintiff's appeal without the need for a court decision on the merits.

On or before **October 9, 2013**, plaintiff shall file with the Clerk of Court and send a copy to defendant's counsel a brief in support of his claim.  This brief shall include: (a) a statement of the case, in which plaintiff should briefly describe the outcome of the administrative proceedings, and present a statement of the relevant facts, which should also include a summary of plaintiff's physical and mental impairments that allegedly prevent plaintiff from

working; (b) a statement of errors, which shall set forth the specific errors allegedly committed at the administrative level that entitle plaintiff to relief; and (c) a statement of relief setting forth the relief sought.

On or before **November 8, 2013**, defendant shall file and serve on plaintiff its Notice of Filing and Preservation of Rights, and a brief which responds specifically to each error raised by plaintiff. In addition, the brief should raise relevant matters not put at issue by plaintiff and include whatever supplemental materials defendant deems appropriate to support such other matters. Defendant need not include a "statement of the case" unless plaintiff's statement is inaccurate or incomplete. At the same time as the brief is filed, defendant shall also file with the Clerk of Court a certified copy of the transcript of the administrative proceedings, together with a notice of filing of the transcript.

On or before **November 25, 2013**, plaintiff may file with the Clerk of Court and send a copy to defendant's counsel, a brief, which replies to the matters raised in defendant's brief.

The initial briefs of plaintiff and defendant shall not exceed 25 double-spaced pages each, and the reply brief of plaintiff shall not exceed 10 double-spaced pages, unless the court grants an exception for good cause shown. The parties should notify the court promptly if either chooses not to submit a reply brief or supplemental supporting materials.

Dated at Milwaukee, Wisconsin this 10th day of July, 2013.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge